**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Richard Hurd *on behalf of himself and all others similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> American Multi-Cinema, Inc., <br><br> *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Richard Hurd ("Plaintiff Hurd" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), brings this action against Defendant American Multi-Cinema, Inc. ("Defendant" or "American Multi-Cinema") as follows:

1. Plaintiff and the proposed class worked as Crew members, Maintenance Technicians, and Ushers for American Multi-Cinema movie theaters located throughout the State of New York, performing physical labor, and being paid bi-weekly.

2. Defendant's bi-weekly payment of Plaintiff and other similarly situated manual workers is in violation of NYLL § 191(1)(a) which requires weekly payment of Manual Workers.

3. Defendant's late wage payments resulted in Plaintiff repeatedly overdrawing his bank account, resulting in $210 in overdraft fees during the months of his employment. Defendant's conduct also deprived Plaintiff of the time-value of his earned wages, impairing his ability to save, invest, and utilize his wages in a timely manner as well as disrupting the payment of monthly expenses such as his credit card bill and gym membership.

## THE PARTIES

4. Richard Hurd is an adult individual who is a resident of Nassau County in the

State of New York.

5. Plaintiff Hurd worked for Defendant from July 2, 2021, until December 23, 2021.

6. Defendant is a foreign business corporation organized and existing under the laws of Missouri.

7. Defendant has a principal place of business is located at One AMC Way, 11500 Ash Street, Leawood, Kansas, 66211 and a service of process address in the care of Corporate Creations Network, Inc. at 600 Mamaroneck Avenue, Suite 400, Harrison, New York 10528.

8. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and all other similarly situated employees.

9. Defendant has maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

10. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

12. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state while Defendant American Multi-Cinema is a citizen of Missouri, with its principal place of business located at One AMC Way, 11500 Ash Street, Leawood, Kansas, 66211.

13. There are over 100 members in the proposed class.

14. Defendant is subject to personal jurisdiction in New York as it does business in New York.

15. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

**Defendant's Movie Theater Structure and Organization**

16. Each American Multi-Cinema movie theater includes the employees working in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly (except where noted), on a bi-weekly basis.

17. A Crew Member is an entry level worker who is paid the lowest hourly rates who interacts with customers and performs general cleaning during closing shifts;

18. A Maintenance Technician is an entry level worker who performs repairs on theater seats and seat motors;

19. An Usher cleans up individual theaters after each screening.

**Plaintiff's Roles / Titles Working at American Multi-Cinema**

20. Plaintiff Richard Hurd started working for American Mutli-Cinema as a Crew

3

Member in July 2021 earning $14 per hour at a movie theater located at 3585 Hempstead Turnpike, Levittown, NY 11756 in Nassau County.

21. Plaintiff Hurd changed roles to Maintenance Technician in October 2021 and remained in this role until the end of his employment with Defendant on December 23, 2021. He worked at the same Levittown movie theater and earned the same $14 per hour wage.

**Plaintiffs' Performance In Each Role / Title**

22. As a Crew Member, Plaintiff's Hurd job duties included operating a cash register, greeting customers, collecting tickets from customers.  On occasion, Plaintiff Hurd would be assigned to the closing shift when he would be tasked with performing general cleaning and other physical tasks necessary to close down the movie theater.

23. Plaintiff Hurd also spent approximately two months during his employment working as a Maintenance Technician.  His job duties as Maintenance Technician included such physical tasks as: (1) changing theater seat covers; (2) repairing theater seats; and (3) repairing seat motors.

24. In each of these roles, Plaintiff spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS

25. The Proposed Class is defined as:

> All Employees working in American Multi-Cinema movie theaters in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

26. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties

and the Court.

27. There are more than 100 members and Plaintiffs' claims are typical of those other members, in that anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

28. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

29. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

30. Plaintiffs are able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

31. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

    a. What job duties are performed by American Multi-Cinema Crew Members,

Maintenance Technicians, and Ushers.

**AS AND FOR A CAUSE OF ACTION**

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

34. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Proposed Class.

35. Defendant failed to pay Plaintiff Hurd and the Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

36. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

37. All of American Multi-Cinema's store-based employees except Store Managers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

38. As such, the failure to provide wages owed to Plaintiff Hurd and all other similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

39. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

40. Due to Defendant's violations of the NYLL, Plaintiff Hurd and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-

judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B. Designation of Plaintiff Hurd as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action;

F. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
June 10, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and*
*Rule 23 Proposed Class*